The opinion of the court was delivered by
Breaux, J.
The relators complain of a judgment rendered (at the instance of one of the candidates for a judicial position) by the respondent judge, and pray that the writs of certiorari and prohibition they invoke be made absolute.
The judgment complained of made the writ of mandamus peremptory.
It is true that mere abstract political questions are not within the jurisdiction of the courts. That the litigant has not the power before the court of using or directing the force residing in the body. politic in order that he may stand in judgment.
Thus, in State of Georgia vs. Stanton, 6 Wallace, 50, 78, the Supreme Oourt of the United States held that it would not restrain the defendants, who Represented the executive department of the government, from carrying into execution certain acts of Congress, as the questions presented were entirely political, and the plaintiffs had no personal right or interest in arresting the governmental .action proposed.
In several other cases cited by relator here the courts have declined to assume jurisdiction of questions entirely political in their character. These cases do not apply to the case under discussion.
The case here presented is one in which, it is alleged, a private right is involved, and the testimony, in some respects at least, goes far toward sustaining the allegation.
With the merits of the controversy we are not concerned in these proceedings. It suffices for the maintenance of that writ that the court has jurisdiction and the proceedings are in due form.
As relates to jurisdiction, although it has been held by this court that in the absence of special statutory authorization courts are without jurisdiction to entertain contested election cases, the rule has never been extended. so as to entirely exempt officers from all judicial control and relieve them from all responsibility however much they may violate the statutes adopted for holding elections.
*829 Violations of the statutes may precede the elections requiring judicial action for their redress.
The question is not one of first impression in this court.
This court said in State ex rel. Patton, Register, vs. Judge, 40 An. 393-398, in passing upon the question of judicial cognizance of cases touching the conduct of elections: “No authority is or can be cited exempting public officers charged by law with specific ministerial duties in election matters from the same judicial control which is exercised over all other officers of the State with reference to similar duties.”
The question at this time is more peculiarly one of prematurity than jurisdiction.
In a contested election the questions here involved would be in the court’s jurisdiction if they are questions of violations of the statute and the violations prejudiced the rights of the complainant. •
It follows as a conclusion that there are some violations of the statutes which may be inquired into and passed upon, even prior to the election, when needful to protect rights actually infringed or incontestibly about to be infringed. As far as the right of the complainant is personal, the court has jurisdiction.
In regard to the value of the right involved, it embraces not only the right to hold office, if elected, but the right of franchise; the right to cast one’s vote in the manner and under the security intended by the statute. A great English judge has said: “A right that a man has to vote at the election of a member of parliament to rep - resent him, and there to concur in the making of laws which are to protect him in his liberty and property, is of the highest importance. ”
The right is not always appreciated and exercised with that importance in view. This does not detract from its value and importance.
It is is ordered and decreed that the preliminary order be dissolved and'the writ refused at relator’s costs.